IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF CLAYTON SMITH, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 16-0925(JBS-JS) |
| v. | |
| CITY OF WILDWOOD, et al., | **MEMORANDUM OPINION UPON RECONSIDERATION** |
| Defendants. | |

**SIMANDLE,** District Judge:

1. This matter comes before the Court by way of motion [Docket Item 56] by Plaintiff Liudmila Smith, both as the administratrix of the estate of Clayton Smith and in her own right, (hereinafter "Plaintiff"), seeking reconsideration of the Court's Order of September 27, 2018, which granted in part, denied in part, and dismissed as moot in part a motion for summary judgment, [Docket Item 41], which had been filed by Defendants City of Wildwood, James Neill, Louis Raniszewski, Ryan Troiano, and Aldo Sacco (hereinafter, collectively, "Defendants"). (See Estate of Smith v. City of Wildwood, No. 16-0925, 2018 WL 4639182, at *1 (D.N.J. Sept. 27, 2018); Order [Docket Item 53].) The principal issue to be decided is whether the Court's prior decision "dismissed as moot" Plaintiff's request for punitive damages under

1

Count III of the Complaint [Docket Item 1].[1] (See Pl.'s Br. [Docket Item 56-1, 1-2.) Plaintiff seeks to clarify the Court's Order of September 27, 2018 "that dismissal as moot . . . applies to Count One of the Complaint *only*." (Id. at 2.) Defendants oppose this request. (See Defs.' Opp'n [Docket Item 59].) For the following reasons, the Court will grant Plaintiff's present motion, clarifying that Count III was not at issue, and therefore not addressed, in the September 27, 2018 Order.

2. **Factual and Procedural Background.**[2] On October 31, 2017, the parties stipulated to dismissal with prejudice of Count II and Count V of the Complaint. (See Stipulation of Dismissal [Docket Item 40].) Thereafter, only two federal claims remained in the Complaint, Count I and Count III, which allege the following:

COUNT I

STATE-CREATED DANGER VIOLATING FEDERAL DUE
PROCESS AS TO DEFENDANTS NEILL, L.
RANISZEWSKI, TROIANO, SACCO, AND TOFFOLI

83. Plaintiff, LIUDMILA SMITH, brings suit under 42 U.S.C. Section 1983.

84. The acts of Defendants JAMES NEILL, LOUIS RANISZEWSKI, RYAN TROIANO, ALDO SACCO, AND SHAWN TOFFOLI, acting in their individual

---

[1] As the present motion seeks to clarify the effect of the Court's prior Order, rather than to question the legal underpinnings of that Order, it is more akin to a motion for clarification rather than a traditional motion for reconsideration.

[2] The factual and procedural background of this case is only presented insofar as it is necessary for the determination of the present motion.

capacities, violated the decedent, CLAYTON SMITH's, constitutional rights, particularly his right to be free of state created danger under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

. . .

COUNT III

CREATION OF A CLASS OF ONE VIOLATING FEDERAL EQUAL PROTECTION AS TO DEFENDANTS NEILL, L. RANISZEWSKI, TROIANO, SACCO, AND TOFFOLI

86. The acts of Defendants JAMES NEILL, LOUIS RANISZEWSKI, RYAN TROIANO, ALDO SACCO, AND SHAWN TOFFOLI, acting in their individual capacities, violated the decedent, CLAYTON SMITH's, constitutional rights, particularly his right not to be put in a class of one under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

(Complaint [Docket Item 1], ¶¶ 83, 84, 86.)

Defendants later filed a motion for summary judgment seeking, among other forms of relief, summary judgment in favor of Defendant City of Wildwood with respect to Plaintiff's claims for municipal liability under 42 U.S.C. § 1983,[3] as well as in favor of all Defendants with respect to punitive damages for all causes of action. (See Motion for Summary Judgment [Docket Item 41], 24-26, 29-31.) Additionally, in their reply brief, Defendants asserted for the first time that Count I of the Complaint fails to make out

---

[3] The Court notes that the Complaint did not name Defendant City of Wildwood as a defendant in any claim brought under federal law. (See Complaint [Docket Item 1], ¶¶ 83-86.)

3

a claim for a "state-created danger" constitutional cause of action under § 1983.[4] (See Defs.' Reply [Docket Item 48], 1-4].) Neither Defendants' motion nor their reply brief sought summary judgment in favor of Defendants James Neill, Louis Raniszewski, Ryan Troiano, and Aldo Sacco (hereinafter, collectively, "EMT Defendants") with respect to Count III. (See generally id.)

In response to Defendants' motion, Plaintiff stated that she "is not seeking to hold City Defendant liable for any civil rights violations under 42 U.S.C. § 1983 or Monell." (Estate of Smith, 2018 WL 4639182, at *6 (citing Plaintiff's Opposition Brief [Docket Item 44], 9).) As Plaintiff indicated that she was not pursuing a theory of municipal liability against Defendant City of Wildwood under 42 U.S.C. § 1983, the Court dismissed that portion of Defendants' motion as moot. (See id.) Furthermore, the Court granted summary judgment in favor of Defendants regarding Count I of the Complaint, alleging a "state-created danger" constitutional cause of action under § 1983. (See id. at *7-8.) Regarding Defendants' request for summary judgment in their favor with

---

[4] As the Court previously stated:
> The Court notes that is it inappropriate for a party to state a new basis for relief in a reply brief; nevertheless, the Court shall consider this argument in the context of the motion, since both sides have briefed the new issue.

(Memorandum Opinion [Docket Item 52], *7 n.8.)

4

respect to punitive damages related to Plaintiff's federal claims, the Court stated that

> Plaintiff asserts that she is entitled to punitive damages as to her § 1983 claims, because a reasonable jury could find that EMT Defendants acted recklessly in their treatment of Mr. Smith. (See Pl.'s Opp'n [Docket Item 44], 9-10.) The Supreme Court has stated that "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages." Smith v. Wade, 461 U.S. 30, 51, (1983) (citing Adickes v. Kress & Co., 398 U.S. 144, 233, (1970) (Brennan, J., concurring and dissenting)). Additionally, the Third Circuit has stated that a "'defendant's conduct must be, at a minimum, reckless or callous. Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.'" Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006) (quoting Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir.1989)). Defendants agree that recklessness is sufficient for a jury to consider punitive damages under federal law at 42 U.S.C. § 1983. (See Defs.' Reply [Docket Item 48], 11.) Under the facts of this case, in the light most favorable to Plaintiff, as the nonmoving party, a reasonable jury could conclude that EMT Defendants acted recklessly by failing to inquire as to Mr. Smith's medical history, failing to administer any care to him until he was removed from the Smiths' residence, and failing to heed Plaintiff's pleas to provide medical assistance to Mr. Smith. However, as the Court will grant summary judgment in favor of EMT Defendants with regard to all claims under § 1983, this portion of Defendants' motion shall be dismissed as moot.

(Id. at *6.)

3. **Standard of Review.** Local Civil Rule 7.1 allows a party to seek a motion for reconsideration or re-argument of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." L. Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). A motion for reconsideration may properly ask a court to clarify an apparent discrepancy between the underlying

6

opinion and order, as in this case, because such a motion does not reargue the merits or ask the court to consider positions that have already been rejected.

4. **Discussion.** Plaintiff argues that the Court erred in stating that "the Court will grant summary judgment in favor of EMT Defendants with regard to all claims under § 1983," as quoted supra, because the Court has never addressed the substantive claims in Count III, as they relate to EMT Defendants. (See Pl.'s Br. [Docket Item 56-1.) Therefore, Plaintiff argues further that the Court should not have stated that Defendants' request for summary judgment as to punitive damages for all federal claims have been "dismissed as moot," because Defendants' request was only moot as to the federal claims that either were withdrawn by Plaintiff (i.e. municipal liability under § 1983) or for which the Court granted summary judgment in favor of Defendants (i.e. Plaintiff's claim of a "state-created danger" constitutional cause of action under § 1983 in Count I). (See id.)

Defendants respond that the language of the Court's Memorandum Opinion of September 27, 2018 was clear and that the Court granted summary judgment in favor of Defendants with respect to all claims made under 42 U.S.C. § 1983 and that Defendants' request for summary judgment in their favor with respect to Plaintiff's request for punitive damages in relation to her claims

7

made under 42 U.S.C. § 1983 was therefore dismissed as moot. (See Def.'s Opp'n [Docket Item 59], 3.)[5]

The Court agrees with Plaintiff. Defendants never moved for summary judgment with regards to Count III of the Complaint. The Court has not received any briefing or heard any oral argument on this issue. Furthermore, the Court never gave the parties notice that it was considering granting summary judgment on Count III, under Rule 56(f), Fed. R. Civ. P. Had the Court in fact granted summary judgment on Count III without any briefing or argument by the parties, and without putting the parties on notice of the Court's intention to do so, the Court may have been in violation of Rule 56(f). Rather, the Court's Memorandum Opinion and Order granted summary judgment in Defendants' favor with respect to Count I and dismissed as moot the request to grant summary judgment in Defendant's favor with respect to punitive damages sought in connection with Count I. The Complaint, as quoted, supra, did not explicitly state that Count III was being brought under 42 U.S.C. § 1983, though it is clear that, upon further reflection, Count

---

[5] Defendants further argue that Plaintiff "cannot prove" her claims in Count III. (See Def.'s Opp'n [Docket Item 59], 4-5.) Defendants did not raise this argument during prior dispositive motion practice. Furthermore, the deadline for dispositive motions to be filed expired on December 15, 2017. (See Amended Scheduling Order [Docket Item 35], 1.) Insofar as Defendants intend this argument to be interpreted as a request for leave to file a late dispositive motion, Defendants have not made any showing of good cause for the request, as required by Rule 16(b)(4), Fed. R. Civ. P., and as such the request is denied.

III is a federal cause of action based on § 1983 and that the Complaint sought punitive damages in connection with Count III. As the question of granting summary judgment with respect to Count III was not appropriately before the Court, the Court cannot have, and did not, grant summary judgment with regard to that issue.[6] Furthermore, as summary judgment was not granted with respect to Count III, Plaintiff's request for punitive damages in connection with Count III is not "moot" and should not have been, and was not, dismissed as such.[7]

---

[6] Moreover, the Court's Order of September 27, 2018 [Docket Item 53] clearly states that summary judgment was granted only as to Count I, and makes no mention of the claims in Count III.

[7] Furthermore, were the Court to directly address Defendants' request for summary judgment as to punitive damages under Count III, the Court would deny such a request. Defendants have previously stated that
> [u]nder federal law, punitive damages may be awarded under § 1983 "when the defendants['] conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).

(Defs.' Br. [Docket Item 41-1], 30.) Plaintiff's testimony, as described more fully in the Court's prior Memorandum Opinion, contains sufficient allegations for a jury to find that EMT Defendants acted recklessly or with callous indifference to the rights of the decedent. (See Estate of Smith, 2018 WL 4639182, at *1.) As also explained in the Court's prior Memorandum Opinion, "at the summary judgment stage, courts are to refrain from making credibility determinations and weighing the evidence, and are to draw all reasonable inferences in favor of the nonmoving party." (Id. at *3 (citing v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).) Therefore, summary judgment as to punitive damages related to Count III of the Complaint would be procedurally inappropriate at this time.

5. **Conclusion.** For the reasons explained above, Plaintiff's motion for reconsideration [Docket Item 56] will be granted. An accompanying Order will be entered.

**March 14, 2019**             **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                       U.S. District Judge