IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESTATE OF CLAYTON SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WILDWOOD, et al., <br><br> Defendants. | Honorable Renée Marie Bumb <br><br> Civil Action <br> No. 16-0925 (RMB-JS) <br><br> **MEMORANDUM <br> OPINION** |

**BUMB**, District Judge:

1.  Plaintiff Liudmila Smith, both as the administratrix of the estate of Clayton Smith and in her own right, (hereinafter "Plaintiff") brings this action against Defendants City of Wildwood, James Neill, Louis Raniszewski, Ryan Troiano, and Aldo Sacco (hereinafter, collectively, "Defendants")[1] alleging a variety of claims arising from the unfortunate death of Clayton Smith on February 19, 2016. (See Complaint [Docket Item 1].)

2.  **Factual and Procedural Background.** The factual and procedural background of this case was previously detailed in Judge Simandle's Memorandum Opinion of September 27, 2018, Estate of Smith v. City of Wildwood, No. 16-0925, 2018 WL 4639182 (D.N.J.

---

[1] The Court shall hereinafter refer to Defendant City of Wildwood as "City Defendant" and to the individual defendants, collectively, as "EMT Defendants."

Sept. 27, 2018), and shall not be repeated herein, except as necessary for the resolution of the present motion.[2]

3. On February 19, 2016, Plaintiff filed the instant action. (See Complaint [Docket Item 1].) Defendants filed their Answer to Plaintiff's Complaint on May 12, 2016. (See Answer [Docket Item 11].) On October 31, 2017, the parties stipulated to the dismissal, with prejudice, of Counts Two and Five of Plaintiff's Complaint. (See Stipulation of Dismissal [Docket Item 40].) On September 27, 2018, the Honorable Jerome B. Simandle, U.S.D.J., granted summary judgment in favor of Defendants with respect to Plaintiff's claims for "punitive damages arising at state law and in relation to Plaintiff's claims for relief under the 'state-created danger' exception to [42 U.S.C.] § 1983." (Order [Docket Item 53], Sept. 27, 2018, 1-2.) In the same Opinion and Order, Judge Simandle dismissed as moot a portion of Defendants' motion for summary judgment, "because Plaintiff is not seeking to

---

[2] The Court distills this undisputed version of events from the parties' statements of material facts, affidavits, and exhibits, and recounts them in the manner most favorable to Plaintiff, as the party opposing summary judgment. The Court disregards, as it must, those portions of the parties' statements of material facts that lack citation to relevant record evidence (unless admitted by the opponent), contain improper legal argument or conclusions, or recite factual irrelevancies. See generally L. Civ. R. 56.1(a); see also Kemly v. Werner Co., 151 F. Supp. 3d. 496, 499 n.2 (D.N.J. 2015) (disregarding portions of the parties' statements of material facts on these grounds); Jones v. Sanko Steamship Co., Ltd., 148 F. Supp. 3d 374, 379 n.9 (D.N.J. 2015) (same). Where not otherwise noted, the facts are undisputed by the parties.

2

hold City Defendant liable for any civil rights violations under 42 U.S.C. § 1983 or Monell," (Estate of Smith, 2018 WL 4639182, at *6; Order [Docket Item 53], Sept. 27, 2018, 2), and further noted that as Judge Simandle "grant[ed] summary judgment in favor of EMT Defendants with regard to all claims under [42 U.S.C.] § 1983, th[e] portion of Defendants' motion," seeking summary judgment with regard to punitive damages in connection with such § 1983 claims, "shall be dismissed as moot." (Estate of Smith, 2018 WL 4639182, at *6; Order [Docket Item 53], Sept. 27, 2018, 2.)

4. Thereafter, Judge Simandle granted Defendants leave to file a second motion for summary judgment,

> addressing any or all of the three remaining claims; those three claims are understood as: (1) A federal constitutional claim for denial of equal protection to a "Class of One" under Section 1983; (2) a state law claim on behalf of the Estate for negligence resulting in denial of lost chance of survival; and (3) a Portee claim for bystander distress to Liudmila Muraviva arising from the tort in (2) above

(Scheduling Order [Docket Item 75], Apr. 9, 2019, 2.) On June 13, 2019, Defendants filed the present motion for summary judgment [Docket Item 76], seeking summary judgment in Defendants' favor with respect to each of the three claims remaining, as enumerated in Judge Simandle's Scheduling Order, supra. Briefing is now complete and the motion is ripe for disposition. The Court will

3

decide the motion without oral argument, pursuant to Fed. R. Civ. P. 78.

5.  **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

6.  A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

7. **Discussion.** The Court shall address Defendants' request for summary judgment pertaining to Plaintiff's remaining federal claim and then proceed to discuss Plaintiff's remaining state law claims.

    a. <u>Plaintiff's federal constitutional claim for denial of equal protection to a "Class of One" under Section 1983.</u> Pursuant to the "class of one" theory set forth by the United States Supreme Court in <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000), "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." <u>Hill v. Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006); <u>see also</u> <u>Mosca v. Cole</u>, 217 Fed. Appx. 158, 164 (3d Cir. 2007); <u>Harris v. New Jersey</u>, No. 03-2002(RMB), 2008 WL 141503, at *10 (D.N.J. Jan. 14, 2008). Defendants contend, and this Court agrees, that Plaintiff has not alleged that similarly situated individuals were treated differently than the decedent. (<u>See</u> Defs.' Br. [Docket Item 76-1], 18-19.) To be similarly situated, parties must be "alike in all relevant aspects." <u>Perano v. Township of Tilden</u>, 423 Fed. Appx. 234, 238 (3d Cir. 2011) (quoting <u>Startzell v. City of Philadelphia</u>, 533 F.3d 183, 203 (3d Cir. 2008)). The entirety of Plaintiff's legal argument regarding alleged comparators states:

> Here, similarly situated individuals would be persons in need of resuscitation for restoration of heartbeat and airflow. Defendant Neill testified during the course of his career, he had used [a] defibrillator on five to seven individuals, and administered oxygen more than twenty times. <u>See</u> Supplemental Statement (SS) Paragraph (PAR) 1. Defendant Raniszewski testified he had administered oxygen to between fifteen and twenty individuals. <u>See</u> SS PAR 3.
>
> Defendants Neill and Raniszewski's testimony describes efforts carried out to revive similarly situated individuals.

(Pl.'s Opp'n [Docket Item 81], 1-2.) This is insufficient to identify comparators that are "alike in all relevant aspects." <u>Perano</u>, 423 Fed. Appx. at 238 (quoting <u>Startzell</u>, 533 F.3d at 203). Plaintiff does not specifically identify any of the allegedly similarly situated individuals, nor does Plaintiff establish that the proposed comparators were exhibiting similar symptoms, nor that they were suffering from similar underlying medical conditions. (<u>See</u> <u>generally</u> Pl.'s Opp'n [Docket Item 81].) Nor does Plaintiff describe any other commonalities shared between the decedent and the unnamed comparators, such as the individuals' ages, the presence of preexisting conditions, etc. (<u>See</u> <u>generally</u> <u>id.</u>) Without establishing that Plaintiff's alleged comparators are indeed "alike in all relevant aspects," it is impossible for the Court to determine whether the alleged differences in care between these individuals had a rational basis. For these reasons, Plaintiff fails to plausibly plead an equal protection "class of

one" claim, and Defendants' Motion for Summary Judgment will be granted as to this claim.

      b.  <u>Plaintiff's remaining state law claims.</u> "The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The District Court "'must decline' to exercise supplemental jurisdiction in such circumstances 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" <u>Stone v. Martin</u>, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)). In this case, there is no affirmative justification for retaining supplemental jurisdiction. Accordingly, the Court will decline to exercise supplemental jurisdiction over the remainder of this case, shall dismiss the remaining state law claims, and shall dismiss this portion of Defendants' present motion as moot.

    8.  **Conclusion.** For the reasons stated above, Defendants' motion for summary judgment [Docket Item 76] will be granted in part and dismissed as moot in part. Summary judgment shall be entered in favor of Defendants with regards to Plaintiff's equal protection "class of one" claim. The Court will decline to exercise supplemental jurisdiction over the remaining state law claims and shall dismiss them. The Court shall further dismiss the portion of

7

Defendants' present motion pertaining to Plaintiff's state law claims as moot. The Court shall further order the Clerk of Court to close this case. An accompanying Order will be entered.


**August 29, 2019**                                      **s/ RENÉE MARIE BUMB**
Date                                                       **RENÉE MARIE BUMB**
                                                          **United States District Judge**